DOMENGEAUX, Judge.
In this workmen’s compensation suit plaintiff-appellant, Levy Dyer, seeks workmen’s compensation benefits from the defendant-appellee, Robert Goleman. From a judgment rejecting his demand, plaintiff has perfected this appeal.
The only issue on appeal is whether or not the trial court erred in holding that plaintiff is not entitled to workmen’s compensation benefits because he was not an employee of defendant within the meaning of the Louisiana Workmen’s Compensation Act.
Plaintiff, a carpenter by trade and a neighbor of defendant in the Hineston community of Rapides Parish was hired by defendant to help with some carpentry work on a barn. The property on which the barn was located is defendant’s residence and is afforded homestead exemption by the Rap-ides Parish tax assessor.
On or about August 4, 1980, while performing carpentry work on defendant’s barn, plaintiff fell from a rafter fracturing his knee. He was treated for this injury and returned to his former occupation sometime in February, 1981.
This suit was filed by plaintiff on October 27, 1980, for workmen’s compensation benefits, medical benefits, and statutory penalties and attorney’s fees. Defendant is uninsured for workmen’s compensation coverage. Trial was held on May 22, 1981, reasons for judgment were delivered on June 16,1981, and judgment was signed June 19, 1981, denying compensation benefits to plaintiff. He appeals from this denial. We affirm.
The sole legal question to be decided by this court is based upon the application of *798 the foregoing factual situation to the provisions of La.R.S. 23:1035.
La.R.S. 23:1035 reads as follows:
“The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer’s trade, business, or occupation, except that the bona fide president, vice-president, secretary, and treasurer of a corporation who owns not less than ten percent of the stock therein, or a partner with respect to a partnership employing him, or a sole proprietor with respect to such sole proprietorship may be written agreement elect not to be covered by the provisions of this Chapter. Such election shall not be limited, but shall apply to all trades, businesses, or occupations conducted by said corporations, partnerships, or sole proprietorships. Such an election shall be binding upon the employing corporation, partnerships, and sole proprietors and the widow, relatives, personal representative, heirs, or dependents of the officer, partner, or sole proprietor so electing. No salary or compensation received by any such bona fide corporate officer, partner, or sole proprietor so electing shall be used in computing the premium rate for workmen’s compensation insurance.”
Prior to 1979, the pertinent provisions of the Louisiana Workmen’s Compensation Act, Section 1035, provided as follows:
“Provisions of this chapter shall also apply to every person performing services or arising out of and incidental to his employment in the course of his employers trade, business or occupation .... ”
In 1979, by Act 465, the legislature amended this statute to read, in pertinent part, as follows:
“The provisions of this chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business or occupation or, in the course of his employers trade, business or occupation _”
It is plaintiff’s contention that the addition of the lánguage “in the course of his own trade, business, or occupation” was intended to expand the coverage of the Workmen’s Compensation Act to provide coverage for any person performing manual labor so long as they were engaged in their own trade, business or occupation, regardless of whether they were engaged in the furtherance of their employer’s trade, business, or occupation. We disagree.
We opine that the basic intent of the statute as amended was to enable persons who are working contractors to provide their own workmen’s compensation coverage and to be covered by workmen’s compensation insurance if they are engaged in their own trade, business or occupation. The obvious problem with plaintiff’s interpretation would be that anyone who comes to a private residence and does manual labor would subject the homeowner to workmen’s compensation liability, even though the labor was not performed in furtherance of the trade, business or occupation of the homeowner.
Furthermore, we feel that such an expansion of coverage, as argued by plaintiff, was not intended by the legislature. This is evident from the passage of Act No. 827 of 1981 entitled “Workmen’s Compensation— Exclusion of Persons Employed by a Private Residential Household” which in pertinent part, added Subsection B to La.R.S. 23:1035 which reads as follows:
“B. There is exempt from coverage under this Chapter all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder and which labor, work, or services are not incidental to and do not arise out of any trade, business, or occupation of such householder. With respect to such labor, work, or services and any employee performing the same, a private residential householder shall have no liability under the provisions of this Chapter either as employer or as a principal; however, any person who is engaged *799 in the trade, business, or .occupation of furnishing labor, work, or services to private residential premises shall be liable under the provisions of this Chapter to his employees or their dependents for injury or death arising from and incidental to their employment in rendering such labor, work, or services.”
It is also clear to this court from a reading of the record that plaintiff was not employed in the course of defendant’s trade, business or occupation so as to be covered under the workmen’s compensation act. The evidence indicates that the defendant owned a few acres of land with a home and some outbuildings, including a barn and a shed. The defendant has worked as a steady employee for the U. S. Forest Service for many years, and does not engage in any other work or occupation.
Plaintiff contends that at the time of the accident defendant was engaged in a “business” within the meaning and intendment of the Workmen’s Compensation Statute. The evidence indicates that defendant does have some horses and chickens, and had three cows at the time of the accident in question. He utilizes the products from his stock and garden for consumption by him and his family and on one occasion he sold one of his calves for $100.00.
The trial court determined that the products from his stock and garden are for his personal use only, and are not a result of his occupation or trade. An appellate court will not disturb a trial court’s factual determinations unless the record reveals that the trial court’s decision is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We cannot say that the trial court’s determinatiqn is clearly wrong.
In conclusion plaintiff had the right, under the 1979 amendment to La.R.S. 23:1035 to provide his own workmen’s compensation coverage which would have provided benefits for an injury to himself while he was performing services arising out of and incidental to his employment in the course of his trade as a carpenter. Plaintiff chose not to provide himself with such coverage, and as such, is not entitled to recover workmen’s compensation from defendant inasmuch as he was not engaged in the trade, business or occupation of the defendant.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against the plaintiff-appellant.
AFFIRMED.