664 So.2d 511 (1995)
Yolanda RAMSEY, Plaintiff-Appellant,
v.
CASH AND CARRY FOODS, INC., et al., Defendants-Appellees.
No. 95-544.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*513 Michael Benny Miller, Crowley, for Yolanda Ramsey.
Mark Alfred Ackal, Lafayette, for Cash & Carry Foods.
Before THIBODEAUX and WOODARD, JJ., and KNIGHT [*], J. Pro Tem.
WILLIAM N. KNIGHT, Judge Pro Tem.
The plaintiff, Yolanda Ramsey (Ramsey), filed a worker's compensation claim against Cash and Carry Foods, Inc. (Cash and Carry) and its insurer, the Louisiana Retailers Association Self Insurer's Fund (LRA). The hearing officer rendered judgment in Ramsey's favor entitling her to the surgery recommended by her treating physician and necessary medical treatment relating to her work injury. However, the penalties and attorney's fees requested were denied. We reverse on the award of attorney's fees and amend the judgment to include LRA.

FACTS
Ramsey was injured on July 30, 1990, while lifting a case of mayonnaise at the Cash and Carry store where she was employed. At the first trial arising out of this accident, the hearing officer found that Ramsey had received an injury to her neck and low back in a work-related accident. Accordingly, the hearing officer also found that Ramsey was entitled to supplemental earnings benefits and ordered that all necessary and reasonable medical treatment, including a discogram recommended by her treating physician, Dr. John Cobb, be provided.
On January 18, 1993, after reviewing the results of Ramsey's discogram, Dr. Cobb recommended surgical decompression of the L-5 on the right side, followed by a one level fusion. LRA refused to guarantee payment for the surgery.
On June 15, 1993, FOCAS Healthcare Management recommended that no payment be made for the physical therapy treatment plan requested. Lori Stockstill, claims adjuster for LRA, discontinued payments for physical therapy on the recommendation of the FOCAS report.
A second trial was held on January 14, 1994. The judgment rendered awarded Ramsey coverage for her back surgery and necessary and reasonable medical treatment, but denied her request for penalties and attorney's fees. The judgment named only one defendant, Cash and Carry.
Ramsey appeals alleging the following assignments of error:
1. The hearing officer erred in allowing inadmissible evidence into evidence.
2. The hearing officer erred in failing to find that defendants/appellees were arbitrary and capricious in failing to authorize the surgery or terminating physical therapy recommended by Dr. John Cobb.
3. It was error for the hearing officer to fail to award 12% penalties and reasonable attorney's fees.
4. The judgment rendered on February 2, 1995, should have been rendered in favor of Yolanda Ramsey and against Cash and Carry Foods, Inc. and Louisiana Retailers Association Self-Insurers Fund.

HEARSAY
Ramsey asserts that the hearing officer erred in allowing into evidence the medical report from Dr. Ford dated January 11, 1994 and a Focus Report dated June 15, 1993 over her objection. Ramsey alleges both documents constitute hearsay evidence and thus, are inadmissible.
Hearsay has been defined as a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La.Code Evid. art. 801C. Hearsay is not admissible unless the Code of Evidence or other legislation provides for an exception. La.Code Evid. art. 802.
Hearing officers are not strictly bound by the technical rules of the Code of Evidence. However, La.R.S. 23:1317A, requires that all findings of fact must be based upon competent evidence. The exclusion of *514 hearsay evidence provided for in the Code of Evidence is based on considerations of unreliability of the evidence and the potential unfairness due to the inability of other party to test the basis in fact of the evidence. State v. Arnold, 367 So.2d 324 (La.1979). Thus, hearsay evidence can also constitute non competent evidence.
The only issues at the second trial were whether Ramsey was entitled to have payment for her back surgery and physical therapy guaranteed and whether an award of penalties and attorney's fees was appropriate. We find it unnecessary to discuss whether or not the two documents are competent evidence. Even if the documents do not constitute competent evidence and are indeed hearsay, their admission into evidence constitutes harmless error since the hearing officer awarded coverage for these treatments.
The admission of the documents into evidence would also constitute harmless error as to the issues of penalties and attorney's fees. The documents are irrelevant to these issues, since the award of both is based on the information the employer or insurer had at the time compensation was denied. Accordingly, we find no merit to this assignment of error.

PENALTIES AND ATTORNEY'S FEES
Whether a hearing officer properly denied an award of penalties and attorney's fees is a question of fact not to be disturbed in the absence of manifest error. Masters v. Scogin Auto Parts, Inc., 625 So.2d 319 (La. App. 3 Cir.1993), writ denied, 93-2749 (La. 1/7/94); 631 So.2d 450.
La.R.S. 23:1201 E was amended to provide for a twelve percent (12%) penalty on medical benefits, as well as compensation benefits where the employer or insurer failed to timely pay either of these benefits and the employee's right to such compensation or medical benefit has not been "reasonably controverted." However, the amendment allowing for penalties on unpaid medical benefits did not become effective until January 1, 1993. The law applicable in a worker's compensation case is the one in effect at the time of the injury. It is this law which establishes the rights and duties of the parties. Bruno v. Harbert International Inc., et al, 593 So.2d 357 (La.1992). Ramsey's accident occurred prior to the effective date of this amendment. Therefore, the hearing officer did not err in denying penalties for the failure to ensure payment for the medical procedures.
Attorney's fees are imposed by La. R.S. 23:1201.2 when the employer's or insurer's failure to pay any worker's compensation claim within sixty (60) days of notice is arbitrary, capricious or without probable cause. Penalties and attorney's fees can be avoided if the employer or insurer relies on "competent medical advice" in the decision not to guarantee the payment of a recommended medical treatment. Dozier v. Garan's, Inc., 94-1363 (La.App. 3 Cir. 4/5/95); 653 So.2d 137.
Dr. Cobb recommended surgery on January 18, 1993. Subsequently, LRA arranged for Ramsey to see their physician of choice, Dr. Thomas Ford, to render an opinion on whether surgery was indicated. This examination occurred on March 11, 1993. However, Ramsey had failed to bring the diagnostic studies performed by Dr. Cobb with her to the examination. Dr. Ford was unable to render an opinion on the recommendation of surgery because of the lack of this information. Due to a miscommunication between the insurance adjuster and Dr. Ford's office, the insurance adjuster did not realize that Dr. Ford had actually examined Ramsey and was just awaiting the diagnostic studies to render an opinion. This became evident at the November 30, 1993 deposition of Dr. Ford. The diagnostic studies were subsequently forwarded to Dr. Ford who rendered his opinion on January 11, 1994. The pertinent question is what information did LRA have at the end of the sixty day period allowed before attorney's fees may be awarded. At this time LRA had no "competent medical advice" to rely on in making its decision not to guarantee payment for the surgery. It had not yet received the opinion of Dr. Ford based on the latest diagnostic test results performed. LRA's miscommunication with its own physician of choice does *515 not insulate it from penalty. The purpose of workers compensation statutes allowing the award of penalties and attorney's fees is to combat indifference by employers and insurers toward injured employees. Hood v. C.J. Rogers, Inc., 94-1162 (La.App. 3 Cir. 3/8/95); 654 So.2d 371.
LRA was also required to have "competent medical advice" to rely on to avoid attorney's fees on its discontinuation of physical therapy. FOCAS based its report on the opinion of its unidentified "Physician Advisor." Other than the indication that the "Physician Advisor" discussed the Ramsey's chart notes in a telephone conference with a nurse in Dr. Cobb's office, no basis for the opinion is stated in the report; nor does the defendant offer one. There is no indication that the physician adviser for this health care management company in Tennessee ever examined Ramsey. The report advised that the company could not recommend payment for the requested plan and suggested the claims administrator request an independent medical examination be requested to determine Ramsey's future care requirements. The claims adjustor Lori Stockstill testified that she called the therapy provider the very day of the report to discontinue treatment based on the report's recommendation. This lone report of questionable basis does not constitute "competent medical advice" upon which LRA could rely to discontinue Ramsey's physical therapy.
We find that the hearing officer was manifestly erroneous in failing to find that the LRA was arbitrary and capricious in discontinuing Ramsey's physical therapy and failing to guarantee compensation for her surgery without competent medical evidence to support the decision. Accordingly, for the work related to securing guarantee of payment for Ramsey's surgery and physical therapy at trial and on appeal we award attorney's fees of $5,000.00.

JUDGMENT
The hearing officer only cast judgment against Cash and Carry, though both Cash and Carry and LRA were named as defendants in the claim filed. Ramsey alleges this as error. The defendants acknowledge that LRA is a properly served and represented defendant and stated in their brief that it had no reason to dispute this particular request of Ramsey. La.Code Civ.P. art. 2164 provides that the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. Therefore, we amend the hearing officer's judgment to include the defendant LRA as party against whom judgment was cast.

DECREE
The denial of penalties is affirmed. The denial of attorney's fees is reversed and attorney's fees of $5,000.00 is awarded for the trial and the appeal. The judgment of the trial court is amended to include LRA as defendant and accordingly, to cast judgment against it, including the judgment herein for attorney's fees. Costs are assessed to the defendants.
AFFIRMED IN PART; REVERSED IN PART; AMENDED AND RENDERED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as judge pro tempore by appointment of the Louisiana Supreme Court.