689 So.2d 587 (1997)
Bobby BREAUX, Plaintiff-Appellee,
v.
Eugene HERNANDEZ, Defendant-Appellant.
No. 96-882.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1997.
*588 Bobby Breaux, pro se.
Harold L. Savoie, Lafayette, for Eugene Hernandez.
Before WOODARD, SULLIVAN and GREMILLION, JJ.
WOODARD, Judge.
Defendant appeals the decision of the Office of Workers' Compensation, awarding plaintiff indemnity benefits, medical expenses and penalties for an injury sustained while plaintiff was working on defendant's home. We reverse.

FACTS
On August 30, 1993, plaintiff Bobby Breaux (Breaux) was injured while doing carpentry work at the home of the defendant, Eugene Hernandez (Hernandez). Breaux's father, Wilbert Breaux, had been hired by Hernandez to do some carpentry work at his private residence. When one of Wilbert Breaux's regular workers did not appear for work, Wilbert asked Bobby to substitute for him. Breaux testified that as he was attempting to hammer a nail, the nail bounced and hit him in the eye, causing injury. Breaux filed a disputed claim for workers' compensation benefits. A hearing was held on April 23, 1996. Hernandez did not appear at the hearing, later asserting that he had not been notified. Breaux represented himself. That day, the hearing officer signed a judgment, awarding Breaux indemnity benefits in the amount of $135.00, medical expenses in the amount of $155.00, and penalties for unpaid medical benefits in the amount of $2,000.00. It is from this judgment that Hernandez appeals.

LAW

LIABILITY OF RESIDENTIAL HOMEOWNERS UNDER THE WORKERS' COMPENSATION ACT
In his one assignment of error, Hernandez asserts that the hearing officer erred in determining that he was an employer for purposes of liability under the workers' compensation act. Initially, we note that the record is void of any evidence that the work done for Hernandez was related to his trade, business, or occupation, which is required pursuant to La.R.S. 23:1044, as discussed below. As such, Breaux has failed to prove that he has a valid right of action. While Hernandez has not specifically asserted this as an assignment of error, La.Code Civ.P. art. 927 states that an exception of no right and/or cause of action may be noticed by either the trial or appellate court of its own motion. Because we notice this exception to be applicable and, accordingly, find insufficient evidence to support Breaux's claim, we reverse.
In her written reasons for judgment, the hearing officer stated that:
La.R.S. 23:1044 provides that a person rendering service for another is presumed to be an employee for the purposes of the Workers' Compensation Act. Mr. Hernandez failed to appear for trial to submit any evidence rebutting this presumption.
The governing law in a workers' compensation action is that which was in effect at the time of injury. Wiley v. Tullos Const., 93-1412 (La.App. 3 Cir. 6/1/94), 640 So.2d 739. Therefore, we must look to the workers' compensation statute in force on August 30, 1993, the date on which Breaux was injured. At that time, La.R.S. 23:1044 stated that "[a] person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter." Thus, in order to have a right of action, Breaux must show that he was rendering service in a trade, business, or occupation of Hernandez. Dyer v. Goleman, 414 So.2d 796 (La.App. 3 Cir.1982). Neither the record nor the reasons for judgment reflect that such a showing was made. Breaux's effort to establish his status as an employee vis a vis Hernandez is immaterial without first determining whether the carpentry work done at the residence was part of Hernandez' trade, business, or occupation. Abadie v. Boudreaux, 398 So.2d 1253 (La. App. 4 Cir.1981). There was no showing, and the hearing officer made no finding, that the work performed was part of Hernandez' *589 trade, business, or occupation. Furthermore, the hearing officer found that Breaux was injured while "performing carpentry work at the home of Eugene Hernandez," which not only calls into question whether Hernandez was engaged in the business of construction or carpentry, but also relieves him of liability under La.R.S. 23:1035.
In 1993, La.R.S. 23:1035 stated in pertinent part:
(A) The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer's trade, business, or occupation...
(B) There is exempt from coverage under this Chapter all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder and which labor, work, or services are not incidental to and do not arise out of any trade, business or occupation of such householder. With respect to such labor, work, or services and any employee performing the same, a private residential householder shall have no liability under the provisions of this Chapter either as employer or as a principle....
(Emphasis added.) As can be seen, this section exempts private, residential homeowners from liability in workers' compensation for injuries sustained by persons working at the homeowner's residence. Thus, pursuant to either La.R.S. 23:1044 or La.R.S. 23:1035, Breaux has no right of action.

CONCLUSION
For the above reasons, the decision and award of the workers' compensation hearing officer is reversed. Costs are to assessed to the plaintiff, Bobby Breaux.
REVERSED.