758 So.2d 830 (2000)
BAKER HUGHES, INC. d/b/a Hughes Christensen
v.
Phillip C. ARDOIN.
Phillip C. Ardoin
v.
Baker Hughes, Inc. d/b/a Hughes Christensen.
Nos. 99-1217, 99-1218.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2000.
Writ Granted in Part, Denied in Part April 20, 2000.
*831 Mariana Broussard, Hill & Beyer, Lafayette, Louisiana, Counsel for Baker Hughes, Inc./Appellant.
Thomas J. Dejean, Dejean, Dejean, Leger & Mouret, Opelousas, Louisiana, Counsel for Phillip C. Ardoin/Appellee-Appellant.
Court composed of NED E. DOUCET, Jr., Chief Judge, ULYSSES GENE THIBODEAUX, and OSWALD A. DECUIR, Judges.
DOUCET, Chief Judge.
Plaintiff, Baker Hughes, Inc. d/b/a/ Hughes Christensen (Baker Hughes), appeals a decision of a workers' compensation judge finding Claimant, Phillip C. Ardoin temporarily, totally disabled and awarding him appropriate benefits and medical care "until such time as there may be a change in the employee's condition." Claimant answered the appeal seeking penalties and attorney's fees. We affirm in part and reverse in part the judgment of the workers' compensation judge.

FACTS
In June 1997, Claimant was involved in a non-work-related traffic accident. As a result of the accident, Claimant underwent cervical fusion at two levels and missed approximately nine months of work. Claimant returned to work, in a light duty capacity, on March 20, 1998. He had no problems until the second week of June. Testimony established that Claimant was a "jumpy" person who was "easily spooked." According to Claimant, two of his co-workers "poked" him in the side while he was in the break room on Monday, June 8, 1998. Claimant claims that he was also poked again on Wednesday and Thursday, June 10 and 11, 1998. Claimant stated that on each occasion he jumped and turned his head and neck to see who had poked him. He also complained to the co-workers of pain as a result of the poking. The co-workers claimed that their actions were not malicious, but rather attempts to gain Claimant's attention. In any event, Claimant testified that the incidents aggravated his prior injury and exacerbated his symptoms. On June 11, 1998, he left work after filling out an accident report and has been unable to return to work since.

LAW AND DISCUSSION
Recently, in Johnson v. Transamerican Waste Co., 99-190, p. 4 (La.App. 3 Cir. 6/2/99); 741 So.2d 764, 767, a panel of this court stated:
An appellate court may not set aside the factual findings of a workers' compensation judge in the absence of manifest error or unless it is clearly wrong. Wackenhut Corrections Corp. v. Bradley, 96-796 (La.App. 3 Cir. 12/26/96), 685 So.2d 661.... Deference is due to the factfinder's determinations regarding *832 the credibility of witnesses "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." Wackenhut Corrections Corp., 685 So.2d at 663 (quoting Rosell v. ESCO, 549 So.2d 840, 844 (La.1989)).
The Louisiana Supreme Court has constantly reminded reviewing courts of the principles governing a manifest error review. In Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556, the supreme court stated the following:
In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Freeman [v. Poulan/Weed Eater], 93-1530 at p. 5 [(La.1/14/94)], 630 So.2d [733] at 737-738; Stobart v. State, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La. 1990).
The Claimant testified that he was improving until the unprovoked incidents of "jabbing" or "poking" at work. Defendant claims that no accident happened at work, but rather that Claimant's complaints stem from his prior traffic accident. The record supports the Claimant. Defendant's own investigation of Claimant's allegations (introduced into evidence as Plaintiff's Exhibit 9), lends support to his version of what took place. Further, Claimant's medical records also support his allegations of being re-injured at work. In her reasons for judgment, the workers' compensation judge stated, "Dr. Lorio believed his patient, and the court found Ardoin credible-frustrated, angry, short-tempered, and very sensitive, but credible."
Our review of the record reveals that between the time he returned to work in March of 1998 and the date of the poking incident in June of 1998, Claimant had not missed any time because of his prior operation and appeared to be functioning well on his light duty status. He appeared to be recovering as expected from his surgery until the poking incidents at work the second week of June 1998. His medical history both before and after the poking incidents is consistent with Claimant's allegations. Accordingly, we find no error in the workers' compensation judge's finding "that a work accident occurred which aggravated, accelerated or combined with a preexisting condition to cause disability...." and her award of benefits and costs.
The workers' compensation judge's judgment is silent as to Claimant's request for penalties and attorney's fees. It is well settled that "... where a judgment is silent on a demand at issue under the pleadings, such silence constitutes an absolute rejection of the demand. Dowden v. Mid State Sand & Gravel Co., 95-231 (La.App. 3 Cir. 11/2/95); 664 So.2d 643, writ denied, 95-2864 (La.2/2/96); 666 So.2d 1099." Cooks v. Rodenbeck, 97-1389, p. 7 (La.App. 3 Cir. 4/29/98); 711 So.2d 444, 448. Claimant answered Defendant's appeal seeking the award of penalties and attorney's fees.
La.R.S. 23:1201 which governs the award of penalties and attorney's fees in workers' compensation cases reads in pertinent part:
§ 1201. Time and place of payment; failure to pay timely; failure to authorize; penalties and attorney fees
B. The first installment of compensation payable for temporary total disability, permanent total disability, or death *833 shall become due on the fourteenth day after the employer or insurer has knowledge of the injury or death, on which date all such compensation then due shall be paid.
* * * *
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
* * * *
Recently, the Louisiana Supreme Court discussed this provision of the law stating as follows:
Where a new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law. New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223, p. 12 (La.4/10/95), 653 So.2d 538, 544. Thus, as can be seen from the foregoing discussion and the unambiguous language of La. R.S. 23:1201, the question of whether defendant's actions were arbitrary and capricious is no longer applicable when considering penalties and attorney fees for a defendant's failure to pay benefits timely. The legislature made this clear as to penalties in 1983 when it placed the penalty provision within the Workers' Compensation Act and, instead of using the previous phrase "arbitrary, capricious or without probable cause," set forth the current standard of assessing penalties for untimely payment unless the employee's rights to benefits were reasonably controverted by the employer or his insurer or the nonpayment resulted from conditions over which the employer or insurer had no control. Similarly, this change in standards was effected with respect to attorney fees awardable for untimely payment of benefits in 1995 when the legislature added a provision for such fees to La. R.S. 23:1201, which had previously dealt only with penalties, and made La. R.S. 23:1201.2, which retains the arbitrary and capricious standard, applicable only to situations where payments were discontinued. See H. ALSTON JOHNSON III, 14 LOUISIANA CIVIL LAW TREATISE: WORKERS' COMPENSATION LAW AND PRACTICE § 389 (3d ed.1994).
The unambiguous language of La. R.S. 23:1201 clearly establishes that penalties and attorney fees for failure to timely pay benefits shall be assessed unless the claim is reasonably controverted or such nonpayment results from conditions over which the employer or insurer had no control. Unreasonably controverting a claim, which is the exception at issue in this case, requires action of a less egregious nature than that required for arbitrary and capricious behavior. Arbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation. BLACK'S LAW DICTIONARY *834 104, 211 (6th ed.1990). Stated another way, such behavior arises from unrestrained exercise of the will or personal preference or lacks a predictable pattern. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, UNABRIDGED 110, 333 (1966).
The phrase "reasonably controverted," on the other hand, mandates a different standard. In general, one can surmise from the plain meaning of the words making up the phrase "reasonably controvert" that in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. This definition is in accord with that presently used by the lower courts to determine whether penalties and attorney fees are owed. See Antrainer v. Great Atlantic & Pacific Tea Co., 97-1554, p. 6 (La.App. 1 Cir. 4/8/98), 712 So.2d 590, 594 ("Given the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee."); Woods v. Ryan Chevrolet, Inc., 30,206, p. 9 (La.App. 2 Cir. 2/25/98), 709 So.2d 251, 257 ("The employee's right to such benefits will be deemed `reasonably controverted' if the employer or insurer had a reasonable basis for believing that medical expenses and indemnity benefits were not due the employee.... Reasonably controverting a claim means that the payor has factual or medical information of such a nature that it reasonably counters that provided by the claimant."); Cook v. Kaldi's Coffee House, 97-0979, p. 10 (La.App. 4 Cir. 1/28/98), 706 So.2d 1052, 1058 ("The test to determine whether the claimant's right has been reasonably controverted turns on whether the employer or his insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant."); Lemoine v. Hessmer Nursing Home, 94-836, p. 20 (La.App. 3 Cir. 3/1/95), 651 So.2d 444, 456 ("A workers' compensation claim is `reasonably controverted,' precluding imposition of penalties and attorney fees, if the employer had sufficient factual and medical information upon which to base a decision to reduce or terminate benefits."). If an employer or insurer reasonably controverts a claim and then becomes aware of information that makes his controversion of that claim unreasonable, he must then pay the benefits owed or be subject to penalties and attorney fees from that point forward.
Brown v. Texas-La Cartage, Inc., 98-1063, pp. 7-10 (La.12/1/98); 721 So.2d 885, 889-91 (footnote omitted).
We find nothing in the record which would reasonably controvert Ardoin's claim. The report of the accident he filled out on June 11, 1998, states he was injured when his co-workers, while engaging in horse play, poked him in his side. Further, we find the June 12, 1998, entries on Defendant's "Investigation of Incident involving Phillip Ardoin" also support Claimant. Additionally, Dr. Morgan Lorio's report of June 15, 1998, supports Claimant's allegations, stating that "he sustained an injury" and that "[t]his is a work related injury to his [prior] problem." Dr. Lorio's report of June 26, 1998, following a cervical myleogram, states "... the patient sustained some type of soft tissue injury at work related to an injury that occurred there." The report from a follow-up visit on August 24, 1998, relates "... this *835 gentleman was doing well until he sustained an injury at work to his neck that has caused the pain that he presently has."
Thus, we find the workers' compensation judge was clearly wrong in failing to award the Claimant penalties and attorney's fees and award Claimant, Phillip C. Ardoin, Two Thousand and 00/100 dollars ($2,000.00) in penalties and a total, for both the trial and appellate representation of Claimant, of Five Thousand and 00/100 dollars ($5,000.00) in attorney's fees.
Accordingly, for the reasons stated above, we reverse that portion of the decision of the workers' compensation judge which impliedly rejected Claimant's demands for penalties and attorney's fees and award Claimant, Phillip C. Ardoin, Two Thousand and 00/100 dollars ($2,000.00) in penalties and a total, for both the trial and appellate representation of Claimant, of Five Thousand and 00/100 dollars ($5,000.00) in attorney's fees. In all other respects, the decision of the workers' compensation judge is affirmed. All costs of this appeal are assessed against Appellant, Baker Hughes, Inc., d/b/a/ Hughes Christensen.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.