762 So.2d 122 (2000)
Theresa P. SKIPPER
v.
ACADIAN OAKS HOSPITAL and Landmark Ins. Co.
No. 00-67.
Court of Appeal of Louisiana, Third Circuit.
May 3, 2000.
*123 Michael B. Miller, Crowley, Counsel for Plaintiff/Appellant.
Barry L. Domingue, The Juneau Firm, Lafayette, Counsel for Defendants/Appellees.
(Court composed of JOHN D. SAUNDERS, MARC T. AMY, and MICHAEL G. SULLIVAN, Judges.)
SULLIVAN, Judge.
Theresa Skipper appeals the Workers' Compensation Judge's (WCJ) denial of her claim for penalties pursuant to La.R.S. 23:1201(F) and seeks additional attorney fees for work performed by her attorney on appeal. For the following reasons, we reverse the denial of penalties and increase the award of attorney fees.

FACTS
Ms. Skipper was injured during the course and scope of her employment with Acadian Oaks Hospital (Acadian) on September 27, 1990. On January 18, 1999, Ms. Skipper's treating physician notified Acadian and Landmark Insurance Company (Landmark), Acadian's insurer, of his opinion that Ms. Skipper needed surgery. Initially, on March 11, 1999, Landmark denied approval for the surgery. Then, on April 8, 1999, it approved the surgery.
Ms. Skipper filed a claim for penalties and attorney fees pursuant to La.R.S. 23:1201(E) for Defendants' delay in approving the surgery. After a trial, the WCJ awarded attorney fees in the amount of $3,000.00 but denied penalties.

ISSUE
Whether La.R.S. 23:1201 as it was written at the time of her injury or as it was written at the time of her request for medical treatment applies to Theresa Skipper's claim for penalties?

DISCUSSION
At the time of Ms. Skipper's injury, La.R.S. 23:1201 provided a statutory penalty for an employer's failure to pay compensation payments only. An employer's failure to pay or authorize medical expenses was not subject to a penalty until 1992, when Section 1201 was amended to include "medical benefits":
E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any *124 unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
. . . .
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
Ms. Skipper argues that La.R.S. 23:1201 as amended in 1992 is applicable to her claim for penalties. Defendants argue that La.R.S. 23:1201 as it was written at the time of her injury governs her claim and cite Ramsey v. Cash and Carry Foods, Inc., 95-544 (La.App. 3 Cir. 11/2/95); 664 So.2d 511, in support of their argument. Yolanda Ramsey was injured July 30, 1990. Her treating physician recommended surgery on January 18, 1993. Ms. Ramsey sought penalties from her employer for its failure to timely approve the recommended surgery. This court denied penalties, stating:
La.R.S. 23:1201 E was amended to provide for a twelve percent (12%) penalty on medical benefits, as well as compensation benefits where the employer or insurer failed to timely pay either of these benefits and the employee's right to such compensation or medical benefit has not been "reasonably controverted." However, the amendment allowing for penalties on unpaid medical benefits did not become effective until January 1, 1993. The law applicable in a worker's compensation case is the one in effect at the time of the injury. It is this law which establishes the rights and duties of the parties. Bruno v. Harbert International Inc., et al, 593 So.2d 357 (La. 1992). Ramsey's accident occurred prior to the effective date of this amendment. Therefore, the hearing officer did not err in denying penalties for the failure to ensure payment for the medical procedures.
Id. at 514.
In Resweber v. Haroil Construction Co., 94-2708 (La.9/5/95); 660 So.2d 7, the Louisiana Supreme Court held that amendments to La.R.S. 23:1208 and 1208.1, which provide that false statements made by an employee for the purpose of obtaining compensation benefits, enacted after the employee's injury were applicable to false statements made by the employee after the amendments became effective. The court distinguished these two provisions from provisions of the workers' compensation statute which establish an employee's entitlement to compensation benefits. In holding that the law in effect at the time the employee made the false statements was applicable, rather than the provisions in effect at the time of the employee's injury, the court stated in a footnote:
The triggering mechanism which makes these provisions applicable is the making of a false statement or misrepresentation, not the occurrence of the accident or injury. Accordingly, it is the date the false statement or misrepresentation was made that is determinative in deciding which version of these provisions apply. Because we are not dealing with provisions setting forth which injuries are compensable under the workers' compensation scheme or what constitutes an "accident" under the workers' compensation scheme, the general rule that the governing law in a compensation actions is that which was in effect at the time of the alleged injury, enunciated in such cases as Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992); Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991); and Smith v. Exxon Chem. Americas, 619 So.2d 140 (La.App. 1st Cir.1993), is not applicable to the present case.

Id. at 10, n. 1 (emphasis added).
We have reviewed the workers' compensation jurisprudence of the supreme *125 court and found that beginning with Boyer v. Crescent Paper Box Factory, 143 La. 368, 78 So. 596 (La.1917), the cases in which the supreme court has held that "[t]he law applicable in a worker's compensation case is the one in effect at the time of the injury" have been cases where the issue was an employee's entitlement to benefits or the amount of benefits an employee was entitled to receive. See Craver v. Gillespie, 148 La. 182, 86 So. 730 (La. 1920); Leon v. Crowell & Spencer Lumber Co., 151 La. 932, 92 So. 389 (La.1922); Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991); Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992); Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94); 630 So.2d 733; Coates v. Byrd Constr. Serv., Inc., 94-2989 (La.2/9/95); 650 So.2d 237; Daugherty v. Domino's Pizza, 95-1394 (La.5/21/96); 674 So.2d 947; Chevalier v. L.H. Bossier, Inc., 95-2075 (La.7/2/96); 676 So.2d 1072.
This circuit has held that the law in effect at the time of the employee's injury is the law that governs a claim for penalties when there has been a denial or delay in medical treatment. See Ramsey v. Cash and Carry Foods, Inc., 664 So.2d 511; LeJeune v. Trend Services, Inc., 96-550 (La.App. 3 Cir. 6/4/97); 699 So.2d 95; Breaux v. Hernandez, 96-882 (La.App. 3 Cir. 2/5/97); 689 So.2d 587; Scherer v. Interior Plant Design, 98-702 (La.App. 3 Cir. 10/28/98); 724 So.2d 797. However, this court has held that an employee is entitled to penalties and attorney fees pursuant to La.R.S. 23:1201(G) for an employer's failure to pay a final judgment within thirty days after it becomes due, even though the employee's injury occurred before the passage of the amendment providing for penalties and attorney fees. Harrington v. Coastal Constr. & Eng'g, 96-681 (La.App. 3 Cir. 12/11/96); 685 So.2d 457, writ denied, 97-109 (La.3/7/97); 689 So.2d 1375. The court in Harrington did not address the issue presented herein: whether the law in effect at the time of the injury or at the time of the failure to pay governed the employee's claim for penalties and attorney fees. The First Circuit Court of Appeal has also held that La.R.S. 23:1201(G), as amended in 1995, was applicable to the employee's claim for penalties and attorney fees even though the employee's injury occurred before enactment of the amendment. McCoy v. KMB Transport, Inc., 98-1018 (La.App. 1 Cir. 5/14/99); 734 So.2d 886. In McCoy, the court acknowledged the "long-standing jurisprudential rule that the law in effect at the time of injury applies in workers' compensation cases," but concluded that the rule was not applicable to an employee's claim for penalties and attorney fees under this provision. Id. at 890.
At least one panel of this court has indicated its agreement with the supreme court's footnote in Resweber. In Savoy v. Cecil Perry Improvement Co., 96-889 (La. App. 3 Cir. 2/5/97); 691 So.2d 692, a health care provider sought attorney fees for the employer's failure to pay for medical treatment rendered to an employee, as set forth in La.R.S. 23:1201(F)(4). While penalties were determined not to be due on other grounds, the court noted: "We agree with the footnote in Resweber and would analogize it to the La.R.S. 23:1201(F)(4) in that the triggering mechanism for attorney's fees is not the date of the accident, but the time when payment was refused." Id. at 701, n. 4.
Recently, the Second Circuit Court of Appeal has addressed the issue presented in this case. In Gay v. Georgia Pacific Corp., 32,653 (La.App. 2 Cir. 12/22/99); 754 So.2d 1101, Marcellus Gay, who was injured on December 2, 1992, sought penalties and attorney fees for his employer's failure to pay or authorize medical expenses, pursuant to La.R.S. 23:1201, as amended by Act 1003 of 1992. Finding the 1992 amendment applicable to Gay's claim for penalties, the court stated:
In the present case, Georgia Pacific refused to authorize the MRI over five years after the amendment took effect and nearly six years after Gay's injury. *126 In fact, the amendment took effect 29 days after Gay's accident. With the question squarely presented as such, we hold that under these circumstances, the provisions in effect at the time of the withholding of benefits control the award of penalties and attorney fees. Although medical benefits are triggered by an injury, the procedures for delivering those benefits are subject to change. When conduct occurs that merits penalties or attorney fees under current compensation law, it is of no consequence that those penalties or fees were not available at the time of the accident since the conduct occurred after the statute became law. This is because an award of penalties or fees does not govern or modify an employee's substantive right to compensation based on his injury, but rather these awards punish the employer for failing to provide that compensation. Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382, 1386; McCoy v. KMB Transport, Inc., 98-1018 (La.App. 1st Cir. 5/14/99), 734 So.2d 886. To conclude otherwise would dilute the deterrent effect of these statutory provisions, which are not intended to make the worker "whole" but rather to discourage specific conduct on the part of the employer. Sharbono, supra.
This is analogous to the termination of benefits for false representations pursuant to La.R.S. 23:1208. The making of the statement, not the occurrence of the injury, determines the law governing the effect of the statement. See Resweber v. Haroil Construction Co., 94-2708 (La.9/5/95), 660 So.2d 7, fn. 1; Smalley v. Integrity, Inc., 31,247 (La.App.2d Cir. 12/8/98), 722 So.2d 332, writ denied, 99-0072 (La.3/19/99), 739 So.2d 782. Likewise, the first circuit has recently held that the penalty provisions of La.R.S. 1201 G in effect at the time of an employer's deleterious conduct applies even when the incident from which the claim arose occurred before the statute created such a remedy. McCoy v. KMB Transport, Inc., 98 1018 (La.App. 1st Cir.5/14/99), 734 So.2d 886. Accordingly, this assignment of error has no merit.
Id. at 1105.
We have considered the supreme court's indication in Resweber, 660 So.2d 7, that the jurisprudential rule at issue should have a limited application to cases involving the entitlement to workers' compensation benefits, as well as our decision in Harrington, 685 So.2d 457, and the decisions of the first and second circuits in McCoy, 734 So.2d 886, and Gay, 754 So.2d 1101, respectively, and conclude that the law in effect at the time of the denial of medical benefits governs an employee's claim for penalties under La.R.S. 23:1201. Accordingly, we find that the WCJ erred in denying Ms. Skipper's claim for penalties.
Under the current version of La. R.S. 23:1201(F)(2), an employer is not liable for penalties or attorney fees if the claimant's right to the requested medical treatment has been reasonably controverted. Recently, in Baker Hughes, Inc. v. Ardoin, 99-1217, 99-1218 (La.App. 3 Cir. 2/2/00); 758 So.2d 830, the meaning of the phrase "reasonably controverted," was addressed:
In general, one can surmise from the plain meaning of the words making up the phrase "reasonably controvert" that in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to *127 pay all or part of the benefits allegedly owed. This definition is in accord with that presently used by the lower courts to determine whether penalties and attorney fees are owed.
Id. at 834 (quoting Brown v. Texas-La Cartage, Inc., 98-1063, pp. 7-10 (La.12/1/98); 721 So.2d 885, 889-91 (footnote omitted)).
Defendants did not produce any evidence on the issue of whether they "engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed." Counsel for Defendants argued that attorney fees should not be awarded because "the situation does not involve a failure ... to authorize a surgery. It was just a delay in authorizing." We find this insufficient to reasonably controvert Ms. Skipper's request for medical treatment. The WCJ's award of attorney fees substantiates this conclusion.
La.R.S. 23:1201(F) provides for "the assessment of a penalty in an amount equal to twelve percent of any ... medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which... medical benefits remain unpaid." No evidence was produced by the parties regarding the proper amount for an award of penalties. Accordingly, we remand this matter for a determination of the award of penalties due Ms. Skipper. We award an additional $1,500.00 for work performed by counsel for Ms. Skipper on appeal.
The judgment of the WCJ on the issue of penalties is hereby reversed and the matter is remanded to the WCJ for computation of penalties to be awarded. All costs of this appeal are assessed to Defendants.
REVERSED AND REMANDED.