I MOAN BERNARD ARMSTRONG, Chief Judge.
This is an appeal from the trial court’s judgment denying the City of New Orleans (the City) a pension offset against the workers’ compensation benefits paid to New Orleans Fire Department Captain Donald Rodriguez pursuant to a 1979 judgment in Captain Rodriguez’ favor declaring him totally and permanently disabled as a result of two work-related accidents. In Rodriguez v. City of New Orleans, 384 So.2d 1006, 1010 (La.App. 4 Cir.1980), this Court concluded that under La.R.S. 23:1221, Captain Rodriguez was totally and permanently disabled, amending a lower award by the trial court. The City was ordered to pay Captain Rodriguez compensation benefits of $95.00 each week from December 26, 1976 to March 13, 1977 and of $130 each week thereafter through the entire period of his permanent disability.
Subsequently, Captain Rodriguez became entitled to disability benefits of $1,505.51 each month under the Fire Fighters’ Pension Plan.
In April of 2003, the City filed a petition in the original workers’ compensation litigation seeking a credit under La.R.S. 23:1225(C)(l)(c) and (C)(3) 1 ¡jn the amount of a 70.03% offset against its obligations for continuing workers’ compensation benefits, or $432.50 each month. The City seeks to reduce its obligation for weekly compensation benefits to $29.19. The City further seeks the right to re-calculate the *2 amount of benefits due to Captain Rodriguez based on annual increases to his disability pension benefit.
The trial court rejected the City’s argument, denying its petition by judgment dated September 18, 2003. The trial court found no basis in law for a modification of this Court’s 1980 judgment.
The issue before us is whether La.R.S. 23:1225(C)(l)(c) operates to entitle the City to a pension offset against Captain’s Rodriguez’s workers’ compensation benefits. This is a legal issue, which we review de novo.
La.R.S. 23:1225(C)(l)(c) provides:
If an employee receives remuneration from: Benefits under the Louisiana Workers’ Compensation Law ... [and] disability benefit plans in the proportion funded by an employer, ... then compensation benefits under this Chapter shall be reduced, ..., so that the aggregate remuneration ... shall not exceed sixty-six and two-thirds percent of his average weekly wage.
La.R.S. 23:1225(0(3) provides:
If an employee is receiving both workers’ compensation benefits and disability benefits subject to a plan providing for reduction of disability benefits, the reduction of workers’ compensation benefits required by Paragraph (1) of this Subsection shall be made by taking into account the full amount of employer funded disability benefits, pursuant to plan provisions, before any reduction of disability benefits are made.
|3These provisions were added to La. R.S. 23:1225 in 1983 by Acts 1983, 1st Ex.Sess., No. 1, § 1, eff. July 1, 1983. Therefore, at the time of Captain Rodriguez’s injuries, the law did not provide the City with the offsets created by the 1983 legislation.
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La.C.C. art. 6.
Louisiana jurisprudence generally has applied the law in effect at the time of a claimant’s injury to workers’ compensation claims. Beginning with Boyer v. Crescent Paper Box Factory, 143 La. 368, 78 So. 596 (1917), the cases in which the Supreme Court has applied the law in effect at the time of the injury have been cases where the issue was an employee’s right to benefits or the amount of benefits an employee was entitled to receive. See, Skipper v. Acadian Oaks Hosp., 2000-67, p. 4 (La. App. 3 Cir. 5/3/2000), 762 So.2d 122, 124-25 and cases collected therein.
In Resweber v. Haroil Construction Co., 94-2708 (La.9/5/95), 660 So.2d 7, the Supreme Court held that amendments to La. R.S. 23:1208 and 1208.1 providing penalties for the making of false statements and enacted after an employee’s injury were applicable to the employee’s compensation claim. In holding that the law in effect at the time the employee made the statement, rather than the law in effect at the time of the injury was applicable, the court noted:
The triggering mechanism which makes these provisions applicable is the making of a false statement or misrepresentation, not the occurrence of the accident or injury.... Because we are not dealing with provisions Lsetting forth which injuries are compensable under the workers’ compensation scheme or what constitutes an “accident” under the workers’ compensation scheme, the general rule that the governing law in a compensation action is that which was in effect at the time of the alleged injury, enunciated in such cases as Bruno v. *3 Harbert Int’l, Inc., 593 So.2d 357 (La.1992); Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991); and Smith v. Exxon Chem. Americas, 619 So.2d 140 (La.App. 1 Cir.1993), is not applicable to the present case. Id. at p. 3, 660 So.2d at 10, fn. 1.
By analogy, our state courts have applied the law in effect at the time employers allegedly refused to pay compensation benefits in cases involving claims for penalties for such refusal. See, cases cited in Skipper v. Acadian Oaks Hosp., at pp. 4-5, 762 So.2d at 125.
Of similar effect is the Supreme Court’s per curiam disposition in Thibodeaux v. Diamond M Drilling Company, 93-2963 (La.2/25/94), 632 So.2d 736. In that case, the court considered whether La.R.S. 23:1223(B) should be applied retroactively to award a credit to an employer for the temporary total disability benefits received by an injured employee prior to his award of supplemental earnings benefits. At the time of that plaintiffs injury in 1984, the statute did not provide a credit against an award of supplemental earnings benefits. The court held that because the amendment established a new credit for the employer, thereby divesting the employee of compensation, the amendment constituted a substantive change in the law, citing St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992). Accordingly, the court found retroactive application of the amendment to be impermissible and found that the employer had no right to a reduction of benefits because no such reduction was authorized at the time of the plaintiffs injury.
| ¡¡Against this background, the City argues that it is nonetheless entitled to retroactive application of the divestiture of Captain Rodriguez’s permanent disability benefits by application of the 1983 amendments to La.R.S. 23:1225.
Rapp v. City of New Orleans, 98-1714, 98-1715, 98-1716, 98-1717, 98-1718, 98-1719, 98-1720, 98-1721 and 98-1730 (La.App. 4 Cir. 12/29/99), 750 So.2d 1130, is cited by the City for the proposition that it is entitled to an offset against its compensation benefit obligation based on the disability benefits funded by the City. In order to ascertain the relevance of this holding to the instant case, we have examined the factual background of each of the claimants as outlined in Rapp v. City of New Orleans, 95-1638 (La.App. 4 Cir. 9/18/96), 681 So.2d 433. The claimants and their respective dates of injury were: Ronald Barre: 1987; Donald Brown: 1985; Joseph Bruscato: 1990; John Burkhart: 1990; James Clement: 1990; Robert Co-meaux: 1988; Robert Cordes: 1985; Joseph Cosentino, Sr.: 1987; Fred Drouant: December, 1983; Nolan Exsterstein: 1989; Francis Fatheree: 1989; Willie Johnson: 1986; Merrill Juneau: 1990; William Ker-ner: 1985; W. Wayne Kerth: 1989; James L. Milano: 1990; Frederick Rapp: 1990; Charles Sanders: 1989; and Leslie Sau-rage: 1990. None of the Rapp claimants suffered a permanent total disability prior to the effective date of the 1983 amendments. Therefore, the case is distinguished on its facts from the instant case.
The City contends that regardless of the retroactive/prospective application of the offset amendments, it is entitled to the offset because weekly compensation benefits accrue on a weekly basis, and therefore, since Captain Rodriguez’s benefits accrued on a continuing basis, even after the effective date of the offset amendments, those accruals occurring after the effective date are subject to the offset. In support of this position, the City cites Cline v. St. Jude Medical Center, Inc., 619 So.2d 712 (La.App. 4 Cir.5/27/93) and Fallen v. New Orleans Police Department, *4 97-0022 (La.App. 4 Cir. 7/23/97), 697 So.2d 1077.
Cline involved a claim for a deduction of compensation payments made for temporary total disability from Supplemental Earnings Benefits pursuant to La.R.S. 23:1223, as amended in 1990. This Court recognized that the 1990 amendment effected a substantive, not a procedural, change in the law, and as such did not have retroactive application, citing La.C.C. art. 8, the predecessor of present article 6. We noted:
However, because weekly compensation benefits for temporary total disability are dependent on the disability continuing, and benefits technically become due only upon the continued existence of that disability week to week, any amounts plaintiff received for temporary total disability benefits after the effective date of the 1990 amendment ... should be subject to the credit. 619 So.2d at 716.
The significant distinction between Cline and the instant case is that the former involved a claim for temporary disability, which, as the Court noted, technically becomes due only if the disability continues. The issue of the continuing nature of Captain Rodriguez’s disability was settled in the prior appeal of his case, when this Court found he was totally and permanently disabled. Thus, the ratio decidendi on which the Cline decision was based is absent in the instant case.
The City argues that its position is supported by our holding in the Fallen case, where we allowed a credit for temporary total disability benefits paid after the effective date of the 1990 amendment to La.R.S. 23:1223. Again, the case is factually distinguishable because it is based on the Cline rationale respecting the nature of the accrual of temporary disability benefits. We find no analogy between |7the temporary total disability benefit/supplemental earnings benefits cases and the total permanent disability/disability pension case before us. In the instant case, the City’s obligation to Captain Rodriguez is not contingent on a weekly determination of the existence vel non of his disability. Thus, there is no basis for finding an exception to the general rules of (1) application of the law in effect at the time of the injury, and (2) the principle that a law divesting a person of a compensation benefit shall not have retroactive application.[1]
The City claims that the trial court’s decision violates public policy, since it would allow an employee to duplicate his benefits, thus receiving substantially more than his average weekly wage (AWW). In support of this position, the City cites a now-repealed act of Congress in 1956 that called for a full offset of Social Security disability benefits if the employee were contemporaneously receiving workers’ compensation benefits. We find no support for this argument in the repealed federal legislation.
The City contends that Captain Rodriguez’s AWW at the time of his injury was $411.53. His current weekly compensation benefit of $130 plus his weekly disability *5 pension benefit of approximately $347.42 exceeds this AWW by $65.89.
The Supreme Court in Al Johnson Const. Co. v. Pitre, 98-2564, pp. 4-5 (La.5/18/99), 734 So.2d 623, 625, recognized that La.R.S. 23:1225 clearly is a wage-loss benefit coordination statute. However, the Supreme Court recognized that the case involved temporary disability, and thus § 1225, relating to permanent 1 ¡¡disability, was inapplicable. We note at the outset that the discussion of the effect of the amendments to § 1225 found in Al Johnson Construction Company relates to coordination of statutory benefits: that is, state workers’ compensation and federal Social Security. It was as to those two sources of state-mandated benefits that the reasoning of the Supreme Court applies. In the instant case, however, we are not presented with coordination of benefits between two state-mandated systems of compensation. The disability pension the City pays to Captain Rodriguez under the Fire Fighters’ Pension Plan was negotiated as part of a collective bargaining agreement, and thus is analogous to any pension package that a union worker might have negotiated with his employer through his bargaining unit, or to the pension packages negotiated on a personal basis between executives and their employers. We find no public policy that would subject such negotiated pension packages to an attack based on coordination of benefits provisions relating to state-mandated benefit programs such as workers’ compensation and social security. Indeed, § 1225 itself contemplates such voluntary agreements. La.R.S. 23:1225(0(1), as amended, provides for offset “unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers’ compensation benefit.”
The Fire Fighters’ Pension Plan, a voluntary agreement between the firefighters’ union and the City, clearly is such an agreement, and the record discloses no evidence to the contrary. Absent such proof, the City has not sustained its burden of proving the amount of credit to which it claims to be entitled. See, Pace v. City of New Orleans, 99-1661 (La.App. 4 Cir. 4/19/2000), 761 So.2d 602.
bFor the foregoing reasons, we conclude that there is no legal, equitable or public policy basis for the offset claimed by the City. Therefore, we affirm the judgment of the trial court.
AFFIRMED.

. Our conclusion is consistent with the holding of the Court of Appeal, Third Circuit, in Willis v. Gray Sales and Service, Inc., 96-748 (La.App. 3 Cir. 1/22/97), 689 So.2d 522, declining to apply the 1983 amendments to La. R.S. 23:1225 to an accident occurring prior to their effective date. Texaco, Inc. v. Foreman, 96-1434 (La.App. 3 Cir. 4/2/97), 692 So.2d 684, cited by the City as contrary to Willis, was abrogated by the Third Circuit en banc in Burge v. Louisiana Ins. Guar. Ass’n, 2002-33 (La.App. 3 Cir. 5/15/02), 819 So.2d 1098, reaffirming the application of the law in effect at the time of the injury to a claim under La.R.S. 23:1223. We note that Texaco, a temporary disability case under § 1223, not § 1225, is also distinguishable on its facts from both Willis and the instant case.