# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 09-756


**CINDY YOUNG, ET AL.**

**VERSUS**

**IRVIN T. JOY, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-753-06
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


**Daniel Keith Wall**
**Marcantel & Marcantel**
**P. O. Box 1366**
**Jennings, LA 70546**
**(337) 824-7380**
**Counsel for Plaintiff/Appellant:**
**Cindy Young**

**Jennifer Bailey Drago**
**United States Attorney**
**800 Lafayette Street, Suite 2200**
**Lafayette, LA 70501-6865**
**(337) 262-6618**
**Counsel for Defendant/Appellee:**
**USA, US Army Corps of Engineers**

**David Oliver Way**
**P. O. Box 80655**
**Lafayette, LA 70598-0655**
**(337) 235-2112**
**Counsel for Defendants/Appellees:**
**Avis Rent-A-Car Systems, Inc.**
**Pathfinder Insurance Company**
**Irvin T. Joy**

**EZELL, JUDGE**.

Cindy Young appeals the decision of the trial court awarding her $22,524.24 as a result of a car accident with Irvin Joy. For the following reasons, we hereby affirm the decision of the trial court.

On November 14, 2005, Ms. Young was involved in a motor vehicle accident with Mr. Joy. As a result of the accident, she sustained neck and shoulder strains. Liability was stipulated to by the Defendants, Mr. Joy, Avis-Rent-A-Car Systems, and Pathfinder Insurance (hereinafter the Defendants). Only the damages incurred by Ms. Young were before the trial court. Despite fourteen months of treatment with her physician, Dr. Brian Wilder, the trial court found that because Ms. Young had failed to mitigate her damages, she suffered only a six-month injury. He awarded her $7,500.00 for pain and suffering damages, $2,500.00 for future pain and suffering, $4,171.50 in lost wages, $1,218.00 in expert fees for the testimony of Dr. Wilder, and $7,134.74 in medical damages. The medical damage award did not award her any damages for treatment received beyond six months after the accident. From this decision, Ms. Young appeals.

Ms. Young asserts eight assignments of error on appeal. She claims that the trial court erred in finding that she suffered only a six-month soft tissue injury; that the trial court erred in finding she failed to mitigate her damages; that the trial court erred in awarding only $7,500.00 in pain and suffering damages; that the trial court erred in awarding only $7,134.74 of $10,223.99 in medical bills incurred; that the trial court erred in failing to award $1,217 to her for failed mediation costs; that the trial court erred in failing to award her children loss of consortium damages; that the trial court erred in allowing evidence of her substance abuse and treatment; that the trial court erred in finding that Ms. Young had a "serious problem with abusing

prescription medication prior to the accident."

We will first address Ms. Young's claims that the trial court erred in allowing evidence of her substance abuse into the record and in finding that she abused prescription drugs prior to the accident, as our rulings on these issues greatly affect our findings on her other assignments of error.

The district court is awarded vast discretion in its decisions on evidentiary rulings, and its decision to admit or exclude evidence will not be reversed on appeal absent a clear showing of abuse of that discretion. *Foster v. Rabalais Masonry, Inc.*, 01-1394 (La.App. 3 Cir. 3/6/02), 811 So.2d 1160, *writ denied*, 02-1164 (La. 6/14/02), 818 So.2d 784. Ms. Young argues that a federal statute, 42 U.S.C. § 290(a)(a) through 290(f)(f), prohibits the disclosure of records relating to substance abuse treatment. However, this argument is of no moment as the records of Savoy Medical Center relating to her substance abuse were admittedly obtained via Ms. Young signing a medical records release specifically allowing the release of medical records protected under federal law, including records dealing with "drug abuse." She simply cannot hide behind federal law when she specifically waived that protection by signing the waiver allowing the release of those records.

Additionally, Ms. Young objected that the records were irrelevant to the proceedings below. Again, we disagree. The records detail a serious substance abuse problem that Ms. Young fought with for a prolonged period of time. The fact that she was addicted to the exact prescription drugs she received as part of her treatment for the injuries sustained in this accident, as well as the depth of that addiction, is completely relevant to the veracity of her claims of pain following the accident. We cannot disagree with the trial court that evidence of Ms. Young's substance abuse problem is relevant to this case.

2

Finally, Ms. Young argues in brief that language in the medical record constitutes hearsay evidence. However, "[t]o preserve an evidentiary issue for appellate review, it is essential that the complaining party enter a contemporaneous objection to the evidence or testimony, and state the reasons for the objection." *LaHaye v. Allstate Ins. Co.*, 570 So.2d 460, 466 (La.App. 3 Cir.1990), *writ denied*, 575 So.2d 391 (La.1991). Ms. Young did not properly preserve this issue by objecting at trial. Thus, it is not now before us, and we decline to consider it. The trial court did not abuse its discretion in admitting Ms. Young's medical records dealing with her history of substance abuse.

Having determined that the trial court properly admitted evidence concerning Ms. Young's prescription drug abuse problem, we next turn to her claim that the trial court erred in finding that she suffered from drug abuse prior to the accident.

> A trial court's findings of fact will not be disturbed on appeal unless the reviewing court finds that they are clearly wrong or manifestly erroneous. *Stobart v. State, Through Department of Transportation and Development*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Under the manifest error standard, the criterion is whether the trial court's findings are reasonable; even if the appellate court feels its own evaluation of the evidence is more reasonable, the findings of the trial court cannot be reversed if they are, in fact, reasonable. *Lewis v. State through Department of Transportation and Development*, 94-2370 (La.4/21/95), 654 So.2d 311. In other words, the appellate court may not reverse simply because it is convinced that, had it been sitting as a trier of fact, it would have ruled differently. *Orea v. Scallan*, 32,622 (La.App. 2d Cir.1/26/00), 750 So.2d 483. A finding of fact by a trial court should be upheld unless it is clearly wrong. *Madison v. Thurman*, 32,401 (La.App. 2d Cir.10/27/99), 743 So.2d 857.

*Mayzel v. Gould*, 44,081, p. 5 (La.App. 2 Cir. 2/25/09), 4 So.3d 979, 982.

Records from both the Savoy Medical Center and Allen Parish Hospital indicate that Ms. Young not only started abusing prescription drugs several years prior to the accident, but that she had been taking between twenty and thirty-five Lortabs *per day* for at least two years prior to the accident. Some of the records

3

indicate that she may have had this problem as early as four years before the accident. Ms. Young admitted that she abused Lortabs, and pharmacy records show her filling prescriptions for the drug throughout 2004 and 2005 before the accident. The evidence in the record overwhelmingly indicates that Ms. Young had a serious drug problem prior to the accident. Ms. Young's claim that the trial court erred in that finding is without merit.

Because they are so closely interwoven, we will next address Ms. Young's claims regarding the trial court's findings that she suffered only a six-month injury and that she failed to mitigate her damages together.

The medical records of Dr. Wilder show that Ms. Young suffered a cervical and shoulder strain as a result of the accident. Dr. Wilder ordered Ms. Young to undergo physical therapy and prescribed her Lortab, the drug she was addicted to, as well as a muscle relaxer, Soma. Dr. Wilder testified that Ms. Young never told him of her drug problem and that he prescribed these drugs to her on every visit she made to his office. An MRI performed on Ms. Young showed that she had a congential narrowing of her spine unrelated to the accident as well as a mildly bulging disc that in no way impinged her nerves. Ms. Young complained of radiation of pain from her shoulder and neck until the MRI showed no impingement, then those symptoms disappeared. Ms. Young failed to go to physical therapy as ordered and was dismissed as a patient from the Thibodeaux, Albro, & Touchet Therapy Group for this reason. However, she continued to tell Dr. Wilder that she was attending and improving with therapy. She did, however, continue to fill the Lortab prescriptions despite not attending therapy. Six months after the accident, she told Dr. Wilder that she was ninety-percent back to normal, and he hoped to discharge her soon thereafter. However, just before being discharged form his care, Ms. Young claims that she

4

reaggravated the injury, requiring additional pain killers. When presented with Ms. Young's history of drug abuse, Dr. Wilder admitted the potential that some of her complaints and treatments could be related to drug-seeking behavior. Most damningly, while treating with Dr. Wilder, Ms. Young went to rehabilitation in an attempt to break her addiction to pain killers. However, just four days after her release from the Savoy Medical Center, Ms. Young admits that she went back to Dr. Wilder, where she once again received a prescription for Lortab and Soma.

It is clear that the trial court examined these facts and determined that Ms. Young's actions included drug-seeking behavior and that her credibility was sparse at best.

> When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.

*Rosell,* 549 So.2d at 844. When the factual finding of the trial court is based on a credibility call, that finding can virtually never be manifestly erroneous or plainly wrong. *Stobart*, 617 So.2d 880. The trial court found that Ms. Young was likely healed around the time that she told Dr. Wilder she was ninety percent better and faced discharge from her care. Moreover, the trial court found that by wilfully refusing to attend physical therapy, Ms. Young at the least prolonged whatever symptoms she actually suffered from up to and beyond this six-month time-frame. The trial court clearly attributed any alleged symptoms after this time to drug seeking, and based on the record before this court, we can find no error in this conclusion. We can find no error in this trial court's conclusion that Ms. Young failed to mitigate her damages when she refused physical therapy in lieu of seeking only the pain medications she was addicted to at that time. These assignments of error also lack

5

merit.

We next turn to Ms. Young's claim that the trial court erred in failing to award her children damages for loss of consortium. Again, we must disagree. There is no evidence in the record whatsoever concerning this claim save for a statement from Ms. Young that she was not able to play with her children as much after the accident. Nevertheless, there was no testimony from either Ms. Young or the children as to the decreased amount or quality of time she was able to spend with them, the effect on them, or any other evidence as to this claim. We can find nothing in the record indicating that the trial court's ruling on this issue to be manifest error.

Having addressed Ms. Young's assignments of error concerning the factual findings of the trial court below, we will now turn our attention to her assignments of error concerning damages.

> It is well-settled that a judge or jury is given great discretion in its assessment of quantum, both general and special damages. Louisiana Civil Code article 2324.1 provides: "In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury." Furthermore, the assessment of quantum, or the appropriate amount of damages, by a trial judge or jury is a determination of fact, one entitled to great deference on review. *Wainwright v. Fontenot*, 00-0492, p. 6 (La.10/17/00), 774 So.2d 70, 74. . . . Because the discretion vested in the trier of fact is so great, and even vast, an appellate court should rarely disturb an award on review.

*Guillory v. Lee*, 09-75, p.14 (La. 6/26/09), 16 So.3d 1104, 1116-17.

While the trial court's award of $7,500.00 for the cervical and shoulder strains may be somewhat low for a six-month injury requiring medical treatment and therapy, this court cannot find the award to be abusively low, especially in light of the facts of this particular case, including Ms. Young's failure to attend therapy and the trial court's determination that much of Ms. Young's treatment was related to drug-seeking behavior. Likewise, in light of these facts, we cannot find that the trial court abused its discretion in awarding special medical damages for only the first six

months of Ms. Young's treatment. Accordingly, we find that the trial court did not abuse its discretion in either its award of $7,500.00 for pain and suffering damages or in its award of $7,134.74 in special medical damages.

Finally, Ms. Young claims that the trial court erred in failing to award her $1,271.00 in costs for a failed mediation attempt. Ms. Young's three-sentence addressing of this issue in brief is so scant as to border on waiving this assignment of error. However, out of an abundance of caution, we will address it. Ms. Young and the Defendants apparently agreed to mediation at some point in the proceedings, as there is no indication mediation was ordered by any court. This mediation failed to reach an amicable conclusion. Louisiana Revised Statues 9:4109 states that "[i]f the case is not settled by mediation, the costs of mediation shall be taxed as costs of court upon rendition of a final judgment." However, this subsection is subject to prior language stating it should apply "unless the parties agree to some other allocation of cost." It is clear from the mediation bill that the parties had agreed to split the costs of the mediation, as the bill charges each party the $1,271.00 Ms. Young now seeks to recover. As there is nothing in the record to indicate anything other than this fact, the trial court did not err in failing to award Ms. Young her share in the failed mediation, especially in light of the fact that it is she, rather than the Defendants, who is appealing the outcome of the trial.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Ms. Young.

**AFFIRMED.**