# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-238


NATHAN WRIGHT

VERSUS

CYPRESS GENERAL CONTRACTORS


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 08-02218
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.


**Amy, J., concurs and assigns reasons.**


**AFFIRMED. ADDITIONAL ATTORNEY FEES AWARDED TO APPELLEE.**


Marcus M. Zimmerman
Attorney at Law
4216 Lake Street
Lake Charles, Louisiana 70605
(337) 474-1644
Counsel for Plaintiff/Appellee:
    Nathan Wright

**Michael J. Taffaro**
**W. Michael Stemmans**
**M. Todd Alley**
**Jennifer E. Frederickson**
**Stemmons & Alley**
**2798 O'Neal Lane, Suite B3**
**Baton Rouge, Louisiana 70816**
**(225) 752-5266**
**Counsel for Defendant/Appellant:**
**Cypress General Contractors**

**KEATY, Judge.**

The defendant, Cypress General Contractors (Cypress), appeals from an October 26, 2010 judgment rendered by the workers' compensation judge (WCJ) in favor of the plaintiff, Nathan Wright (Wright), denying its defense of fraud; reinstating Wright's indemnity and medical benefits; assessing it with a $8,000 penalty for arbitrary and capricious termination of benefits; awarding Wright $13,500 in attorney fees; and assessing it with all costs.

At issue in this appeal is whether Wright committed fraud and, pursuant to La.R.S. 23:1208, thereby forfeited his right to receive workers' compensation benefits by failing to report income derived from a business owned by him and/or his wife, Christine. For the following reasons, we find no error in the WCJ's conclusion that Wright did not commit the fraud alleged by Cypress, and we affirm the judgment in its entirety.

## FACTS AND PROCEDURAL HISTORY

In *Wright v. Cypress General Contractors, Inc.*, 05-700 (La.App. 3 Cir. 12/30/05), 918 So.2d 526, *writ denied*, 06-238 (La. 4/24/06), 926 So.2d 553, this court affirmed the WCJ's finding that Wright suffered a compensable work-related injury to his left knee on March 14, 2002, and was thus entitled to reinstatement of indemnity and medical benefits from Cypress. In late 2007, Cypress began to suspect that Wright may have been producing and selling custom goose calls through a company known as Redbone Custom Calls (Redbone). It hired private investigator Darryl Scott Johnson in an attempt to determine Wright's involvement in Redbone. Mr. Johnson corresponded with Redbone over the telephone and purchased four goose calls, which were mailed to him along with instructional videos which depicted Wright instructing purchasers on how to use and maintain the goose calls. Thereafter, Cypress requested that Wright fill out a series of

Employee's Monthly Report of Earnings Forms (1020s) covering the period from January 1, 2006 to December 31, 2007. On each of the 1020s, Wright checked "No" in response to the following questions:

2. For the period covered in this report, did you receive a salary, wage, sales commission, or payment, including cash, of any kind?

3. For the period covered in this report, were you self-employed or involved in any business enterprise? **These include but are not limited to** farming, sales work, operating a business (even if the business lost money), child care, yard work, mechanical work, or any type of family business.

Cypress terminated Wright's benefits on January 13, 2008, and Wright filed a 1008 Disputed Claim for Compensation (1008) approximately two months later. This matter was tried on June 24, 2010, after which the WCJ requested post-trial memoranda and took the matter under advisement. On October 4, 2010, the WCJ rendered oral reasons for judgment in open court finding that Wright did not violate La.R.S. 23:1208, and thus denying Cypress's defense based upon that statute. Wright's medical benefits were reinstated, and his indemnity benefits were reinstated retroactive to January 14, 2008, based on the weekly indemnity rate of $398. Cypress was assessed a penalty of $8,000 for its arbitrary and capricious termination of Wright's benefits, and it was ordered to pay Wright's attorney fees, which were assessed at $13,500. The awards were to include interest, and all costs were assessed against Cypress. Written judgment was signed in conformity with the oral reasons on October 26, 2010.

Cypress now appeals, arguing that the WCJ committed manifest error in finding that Wright did not violate La.R.S. 23:1208 and in finding that it acted arbitrarily and capriciously in terminating Wright's benefits.

2

## DISCUSSION

We recently discussed the standard of review to be employed in workers' compensation cases, noting:

> Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Smith v. Louisiana Dep't of Corrections,* 93-1305 (La. 2/28/94); 633 So.2d 129. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Stobart v. State,* 617 So.2d 880 (La.1993). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Id.* Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1112 (La.1990).

> "The determination of coverage is a subjective one in that each case must be decided from all of its particular facts." *Jackson v. Am. Ins. Co.,* 404 So.2d 218, 220 (La.1981). This court has held that, in light of that standard of review, "great deference is accorded to the [workers' compensation judge's] factual findings and reasonable evaluations of credibility." *Cent. Lumber Co. v. Duhon*, 03-620, p. 3 (La.App. 3 Cir. 11/12/03), 860 So.2d 591, 593, *writ denied*, 04-315 (La. 4/2/04), 869 So.2d 880 (quoting *Garner v. Sheats & Frazier*, 95-39, p. 7 (La.App. 3 Cir. 7/5/95), 663 So.2d 57, 61).

*Green v. Nat'l Oilwell Varco*, 10-1041, pp. 3-4 (La.App. 3 Cir. 4/27/11), 63 So.3d 354, 357-58 (alteration in original) (quoting *Foster v. Rabalais Masonry, Inc.*, 01-1394, pp. 2-3 (La.App. 3 Cir. 3/6/02), 811 So.2d 1160, 1162, *writ denied,* 02-1164 (La. 6/14/02), 818 So.2d 784).

*Fraud*

Louisiana Revised Statutes 23:1208(A) provides that it shall be unlawful for any claimant or employer "to willfully make a false statement or representation" "for the purpose of obtaining or defeating" any workers' compensation benefit or

payment. A claimant who violates the statute forfeits his or her right to workers' compensation benefits. La.R.S. 23:1208(E).

"The requirements for forfeiture of benefits under Section 1208 governing misrepresentations concerning workers' compensation benefits are that: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *R & R Steel Erectors v. Watson*, 01-1322, pp. 3-4 (La.App. 3 Cir. 3/6/02), 809 So.2d 1228, 1231. An appellate court reviews a WCJ's factual findings with regard to a claim of forfeiture of benefits under the manifest error/clearly wrong standard. *Doyal v. Vernon Parish Sch. Bd.*, 06-1088 (La.App. 3 Cir. 2/7/07), 950 So.2d 902, *writ denied*, 07-832 (La. 6/15/07), 958 So.2d 1190.

Wright's wife, Christine, testified that her mother had suffered a stroke some years ago which resulted in right side paralysis that left her bedridden and unable to speak or walk. Her father had been her mother's primary caregiver, but he had gotten ill and died about three years ago. Thereafter, Christine's mother moved into their home, resulting in Christine quitting her job and taking over her mother's care.

Wright testified that before his injury and disability, he had won four goose calling world championships using calls that he had built. He stated that when Christine began searching for an at-home business that she could operate while caring for her mother, she decided to start a company specializing in the manufacture and sale of custom goose calls. In December of 2006, she established Redbone. Wright readily admitted that he helped make the goose calls and he sometimes handled phone orders for Redbone. He also admitted to being pictured on the Redbone website giving instructions on how to use the calls and on similar

4

videos mailed out with each order. According to Wright, Cypress never had him seen by a vocational rehabilitation specialist to determine what work, if any, he was capable of performing since the first trial of this matter.

Christine testified that she orders all the parts for making the calls. Sometimes her children, a friend, or her husband help her with assembling the parts into the actual goose calls, and her husband, on occasion, helps with phone orders called in to Redbone. Christine stated that she fills and mails out all the orders received by Redbone, that she does all the banking associated with Redbone, and that she is responsible for gathering and submitting information about Redbone to her tax preparer.

The Wrights' tax preparer, Louise Broussard, testified that Redbone was Christine's business. Ms. Broussard stated that Redbone did not make any money in 2007 or 2008, and, although she had not completed the 2009 taxes at the time of trial, Redbone was going to have a net loss for that year too. Ms. Broussard confirmed that Redbone did not pay Wright a salary.

Mr. Johnson, the investigator hired by Cypress, testified on behalf of Cypress. Initially, he was not sure of what year he began investigating Wright, although he surmised that it was probably in the beginning of 2008. He was also unsure of whether he had first initiated contact through Redbone or through Wright personally. Mr. Johnson first stated that he received four goose calls "from Mr. Wright," but later clarified that he actually purchased two calls from Ben Williams, a man whom Wright had referred him to, and the remaining two calls from "Mr. Wright." According to Mr. Johnson, the goose calls came to him in two packages; one had the return address listed as Redbone and the other had that of Ben Williams. Mr. Johnson could not recall how many times he spoke to either

Wright or Mr. Williams. Finally, Mr. Johnson was unsure of what he paid for each of the calls, stating "[t]hey were [$]200, somewhere around in there, I believe, or less."

Phillip Moory testified that he became the adjuster on Wright's workers' compensation claim in 2007. He initially began investigating Wright's activities because Cypress suspected that he might be working as a hunting and fishing guide. Although he found no evidence of any such activities, Mr. Moory did discover, through an internet search, that Wright's name "was associated" with a company called Redbone. He then hired Mr. Johnson to look into Wright's involvement with Redbone. After Mr. Johnson purchased the four goose calls, Mr. Moory terminated Wright's benefits on the basis that he was "furnishing us false information in support of his claim" based upon the money that he was paid for the goose calls and his failure to note that money as income on the 1020s.

In denying Cypress's defense of fraud, the WCJ noted that Cypress had produced no evidence to show that Wright was making any money on the side or that he was capable of doing any physical work. After reviewing the testimony and evidence presented at trial, we find no manifest error in the WCJ's determination that Cypress failed to prove that Wright was guilty of violating La.R.S. 23:1208 as that determination necessarily required the WCJ to assess the credibility of the witnesses. *See Ben v. Holtrachem, Inc.*, 00-635 (La.App. 3 Cir. 11/2/00), 772 So.2d 326. Cypress's first assignment of error lacks merit.

*Termination of Benefits*

Louisiana Revised Statutes 23:1201(I) is the relevant statute in determining whether an employer should be assessed penalties and attorney fees for the discontinuation of indemnity or medical benefits. The statute provides, in part:

> Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims.

*Id.*

> An employer avoids the imposition of penalties and attorney's fees by satisfying its continuing obligation to investigate, assemble, and assess factual information prior to it denying benefits. *Wright v. Cypress Gen. Contractors, Inc.*, 05-700 (La.App. 3 Cir. 12/30/05), 918 So.2d 526, *writ denied*, 06-0238 (La.4/24/06), 926 So.2d 553. Furthermore, the decision to award penalties and attorney's fees is factual in nature and will not be reversed on appeal absent manifest error. *Bigge v. The Lemoine Co.*, 04-1191 (La.App. 3 Cir. 3/2/05), 896 So.2d 269.

*Odom v. Kinder Nursing Home*, 06-1442, p. 24 (La.App. 3 Cir. 4/25/07), 956 So.2d 128, 141-42.

The WCJ assessed Cypress with an $8,000 penalty for the arbitrary and capricious termination of Wright's benefits based on its finding that Cypress had proceeded with its decision to terminate benefits after its investigation into Wright's possible employment yielded no proof of fraud. Attorney fees were assessed against Cypress in the amount of $13,500. The WCJ noted that Cypress had ignored the facts as they developed and had skipped the step of hiring a vocational rehabilitation specialist to determine what, if any, type of labor Wright was capable of performing. On the other hand, after examining one of the goose

calls entered into evidence, the WCJ remarked that assembling such a device required "virtually no physical exertion."

The record supports the WCJ's factual finding that Cypress's discontinuation of Wright's benefits was arbitrary and capricious based upon the evidence revealed by its investigation into Wright's possible income-producing activities. The fact that Cypress failed to have Wright undergo any up to date vocational rehabilitation testing only serves to emphasize the correctness of the WCJ's finding that Cypress acted arbitrarily and capriciously. Accordingly, we find no error in its $8,000 penalty award or in its $13,500 attorney fee award. Cypress's second assignment of error has no merit.

*Answer to Appeal*

Wright answered Cypress's appeal seeking an award of additional attorney fees for having to defend the appeal and an order that Cypress be cast with all costs incurred in the trial and appellate court.

In *Nash v. Aecom Technology Corp.*, 07-990, p. 8 (La.App. 3 Cir. 2/6/08), 976 So.2d 263, 268, this court held that "[a] workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an employer/insurer's unsuccessful appeal." We award Wright an additional attorney fee of $4,000 for the work done on appeal.

The WCJ cast Cypress with all costs. An appellate court reviews a WCJ's assessment of court costs under an abuse of discretion standard. *Lambert v. Brookshire Grocery Co.*, 06-1001 (La.App. 3 Cir. 12/20/06), 945 So.2d 918. Given that Wright prevailed on his claim before the WCJ, we find no error in costs having been assessed against Cypress. Moreover, because Wright was successful

8

in defending the judgment in his favor, Cypress is cast with all costs of this appeal. *See* La.Code Civ.P. art. 1920.

## DECREE

For the foregoing reasons, we affirm the October 26, 2010 judgment in its entirety. Wright is awarded additional attorney fees of $4,000 for work performed on this appeal. All costs of this appeal are assessed against Cypress General Contractors.

**AFFIRMED. ADDITIONAL ATTORNEY FEES AWARDED TO APPELLEE.**

NUMBER 11-238

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

NATHAN WRIGHT

VERSUS

CYPRESS GENERAL CONTRACTORS

AMY, J., concurring.

I write separately in order to express that, in my opinion, an affirmation is warranted in this case due only to the manifest error standard of review. My review of this matter indicates that the determination of the issues in this case lies at the margins of that standard. I do, however, find that the workers' compensation judge's underlying factual findings are supported by the record in light of permissible credibility determinations and factual findings.