STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-38


BETTY CITIZEN

VERSUS

WAL-MART STORES, INC.



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – District 3
PARISH OF CALCASIEU, NO. 17-2645
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, D. Kent Savoie, and Candyce G. Perret, Judges.


AFFIRMED.

**Keith Joseph Landry**
**Corey M. Meaux**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANT-APPELLANT:**
 **Wal-Mart Stores, Inc.**

**Thomas E. Townsley**
**Law Office of Thomas E. Townsley, L.L.C.**
**711 Pujo Street**
**Lake Charles, LA 70601**
**(337) 430-0994**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
 **Betty Citizen**

**PERRET, Judge.**

In this workers' compensation case, Defendant/Employer, Wal-Mart Stores, Inc. (Wal-Mart), appeals the judgment of the Office of Workers' Compensation (OWC) in favor of Plaintiff/Claimant, Betty Citizen, finding that Wal-Mart was arbitrary and capricious in denying Ms. Citizen's claim for physical therapy, and awarding a $2,000.00 penalty for Wal-Mart's failure to investigate the claim, $3,000.00 in attorney fees, and court costs. Ms. Citizen answered the appeal seeking additional attorney fees for work done on appeal. For the following reasons, we affirm the OWC judgment, and we render an attorney fee award of $2,500.00 in favor of Ms. Citizen for work done on this appeal.

**FACTS AND PROCEDURAL HISTORY:**

Ms. Citizen injured her lower back in the course and scope of her employment with Wal-Mart on November 30, 2011, while attempting to move a box that had a bicycle in it. The current dispute arose in January 2017, after Wal-Mart tacitly denied physical therapy that was recommended by Dr. Robert Abramson, Ms. Citizen's treating neurosurgeon. In April 2017, Ms. Citizen filed her first 1009 Form, which was denied by the Medical Director for being procedurally untimely. On May 2, 2017, Ms. Citizen filed a 1008 Form alleging that she was entitled to penalties and attorney fees for Wal-Mart's arbitrary and capricious handling of her claim. On June 5, 2017, Ms. Citizen filed a second 1009 Form after Wal-Mart formally denied the recommended physical therapy. On June 27, 2017, the Medical Director denied the requested physical therapy treatment as requested in the second 1009 Form upon finding that "[t]here is no documentation of the results of prior therapy as per the guidelines."

On September 25, 2017, on the day of the hearing, Wal-Mart agreed to approve the physical therapy as requested by Dr. Abramson. Thereafter, the sole

issue before the court was whether Wal-Mart was arbitrary and capricious in its denial of the physical therapy. After hearing the testimony and reviewing the record, the OWC found that Wal-Mart was arbitrary and capricious in failing to investigate the claim following the physical therapy request and awarded $2,000.00 in penalties, $3,000.00 in attorney fees, and $3,455.00 in court costs. Wal-Mart now appeals this final judgment.

**STANDARD OF REVIEW:**

"The determination of whether an employer or insurer should be cast with penalties and attorney fees in a workers' compensation action is essentially a question of fact." *Authement v. Shappert Eng'g*, 02-1631, p. 12 (La. 2/25/03), 840 So.2d 1181, 1188. "Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Foster v. Rabalais Masonry, Inc.*, 01-1394, p. 2 (La.App. 3 Cir. 3/6/02), 811 So.2d 1160, 1162, *writ denied*, 02-1164 (La. 6/14/02), 818 So.2d 784 (citation omitted).

**DISCUSSION:**

In its sole assignment of error, Wal-Mart alleges that the trial court erred in awarding Ms. Citizen an award for penalties and attorney fees. Wal-Mart argues that it relied on medical records in its possession that showed that Ms. Citizen had previously gone through at least one bout of physical therapy with no improvements and that it was unaware, until the morning of the hearing, that Ms. Citizen was unable to complete the recommended physical therapy due to other health issues.

2

Louisiana Revised Statutes 23:1201(F) governs the assessment of penalties and award of attorney fees for an employer's failure to authorize medical treatment. Louisiana Revised Statutes 23:1201(F)(2) provides that Subsection (F) is inapplicable if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer had no control. In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base the denial of benefits. *Baker Hughes, Inc. v. Ardoin*, 99-1217, 99-1218 (La.App. 3 Cir. 2/2/00), 758 So.2d 830, *writ granted in part, denied in part,* 00-681 (La. 4/20/00), 759 So.2d 771. "Thus, to determine whether the claimant's right has been reasonably controverted, . . . a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant." *Brown v. Texas-LA Cartage, Inc.,* 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890.

This court has consistently held that in order "[t]o avoid penalties and attorney[']s fees for the nonpayment of benefits, the employer or insurer is under a continuing duty to investigate, to assemble, and to assess factual information before denying benefits." *George v. Guillory* 00-591, p. 13 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, 1209, *overruled on other grounds by Smith v. Quarles Drilling Co.,* 04-179 (La. 10/29/04), 885 So.2d 562. We find nothing in the record which would reasonably controvert Ms. Citizen's claim for physical therapy that was requested by Dr. Abramson in January 2017. The record indicates that in March 2016, Dr. Robert D. Bernauer, an orthopedic surgeon, prescribed physical therapy for Ms. Citizen. On April 4, 2016, Ms. Citizen received an evaluation at Action Potential in Lake Charles, where it was recommended she have four weeks of physical therapy twice weekly. However, Ms. Citizen was only able to

3

complete one session of physical therapy on April 25, 2016, due to other health issues.

After Dr. Bernauer retired, Ms. Citizen was referred to Dr. Abramson for her back pain. Thereafter, on January 19, 2017, Dr. Abramson also recommended Ms. Citizen undergo more physical therapy in an attempt to avoid any surgical options. This request was made on January 27, 2017, and was ignored until Wal-Mart denied it on May 31, 2017. The medical records provided to the medical director reflect that Ms. Citizen only completed one physical therapy treatment on April 25, 2016. When Dr. Abramson was asked in his deposition, taken on September 22, 2017, whether the medical director's reason that "[t]here is no documentation of the results of prior therapy as per the guidelines" was an appropriate basis for denying Ms. Citizen's claim, he responded "[n]o, that one visit is not a course of physical therapy" and that one day of treatment would not have been enough under the guidelines to know whether physical therapy was effective or not. Based on the record, we cannot conclude that the OWC was manifestly erroneous in determining that Wal-Mart had not reasonably controverted Ms. Citizen's claim for physical therapy.

For these reasons, we affirm the OWC judgment that awarded penalties in the amount of $2,000.00, attorney fees in the amount of $3,000.00, and $3,455.00 in court costs. We also award additional attorney fees of $2,500.00 for this appeal. All costs are assessed to Wal-Mart.

**AFFIRMED.**

4